UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEANARD E. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1374-CDP |
| | ) | |
| KAREN ARNOLD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Geanard E. Howard's submission of a civil complaint. This action will be dismissed without prejudice to plaintiff re-filing the complaint upon payment of the $400 filing fee.

Plaintiff, a prisoner and frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Howard v. Elam,* 4:09-cv-1103 ERW (E.D. Mo. 2009); *Howard v. Crawford,* 4:09-cv-15

HEA (E.D. Mo. 2009); *Howard v. Crane,* 4:04-cv-317 MLM (E.D. Mo. 2004)*; Howard v. St. Louis City Police Dep't, 6th Dist.,* 4:97-cv-1112 JCH (E.D. Mo. 1997). Therefore, this Court would be unable to permit him to proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff states he brings this action on behalf of himself and other Missouri Department of Corrections inmates to vindicate alleged censorship involving materials with sexual content. None of plaintiff's allegations would support the finding that plaintiff is under imminent danger of serious physical injury. It would be futile to allow plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* because the Court would be unable to grant it. The Court will therefore dismiss this action, without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 2) is **DENIED** as moot.

Dated this 27th day of August, 2018.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE